UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RENITA K. KANE,

                    Plaintiff,

        v.

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

                    Defendant.

Case No.  C10-1796RSL

ORDER REMANDING CASE FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS

        This matter comes before the Court on a Report and Recommendation ("R&R") from

United States Magistrate Judge Brian A. Tsuchida, defendant's objections to the R&R, and

plaintiff's response to the objections.  In the R&R, Magistrate Judge Tsuchida recommends that

the Court reverse and remand the Commissioner's decision for consideration of new evidence.

        The government contends that the Court should instead affirm the Commissioner's

decision.  In support of that argument, the government raises two issues.  First, the government

contends that the R&R improperly shifted the burden of proof to the Commissioner.  A review of

the R&R shows that it did not do so.  As plaintiff acknowledges, she bears the burden of

showing that there is new and material evidence.  42 U.S.C. § 406(b); Mayes v. Massinari, 276

F.3d 453, 462 (9th Cir. 2001).  Material evidence is that which "bear[s] directly and substantially

on the matter in dispute." Bruton v. Massinari, 268 F.3d 824, 827 (9th Cir. 2001).  Additionally,

plaintiff must demonstrate that there is a "reasonable possibility" that the new evidence would have changed the outcome of the administrative proceedings. Mayes, 276 F.3d at 462 (quoting Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984)). In this case, plaintiff has met her burden. The administrative decision that approved plaintiff's later claim for benefits included a disability onset date that was only five months after the ALJ denied plaintiff's earlier application. Given the proximity in time, the later decision is, in itself, new evidence. Luna v. Astrue, 623 F.3d 1032, 1034-35 (9th Cir. 2010). The approval decision was based on additional new evidence, including a February 2009 EEG and an opinion from treating neurologist Nicholas Poolos. It is undisputed that the ALJ who denied plaintiff's earlier claim was not presented with the new evidence. While it is not clear from the current record whether the new medical evidence relates back to the earlier alleged period of disability, there is at least a "reasonable possibility" that it does given the proximity in time and the fact that the evidence relates to the same allegedly disabling condition that existed throughout the relevant time period. Moreover, while the ALJ in the unfavorable decision found that plaintiff's substance abuse and non-compliance with her treatment undermined her claimed disability, the favorable decision found to the contrary. Because the Court cannot conclude based on the current record whether the two administrative decisions are inconsistent or reconcilable, the appropriate course is to remand this action for further administrative proceedings. Luna, 623 F.3d at 1035.

Second, the government contends that the R&R did not clarify whether the remand it recommended would be pursuant to sentence four or sentence six of the statute. Indeed, the R&R's recommendation that "the Commissioner's decision be *reversed* and remanded" could suggest a sentence four remand. R&R at p. 1 (emphasis added). However, a sentence six remand is appropriate in this case to allow the Commissioner to evaluate the new evidence. 42 U.S.C. § 406(b); Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

Accordingly, the Court ADOPTS the R&R except for its recommendation to "reverse" the Commissioner's decision. The Court REMANDS this case to the Social Security Administration to consider the new evidence. Because of the nature of the remand, the Clerk of

1    the Court is directed to close the case but not to issue a judgment.

2

3           DATED this 7th day of July, 2011.

4

5

6                                          *Robt S Lasnik*

7                                          Robert S. Lasnik
                                           United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER REMANDING CASE - 3