UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENITA K. KANE,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | Case No. C10-1796RSL<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES |

## I. INTRODUCTION

This matter comes before the Court on a Report and Recommendation ("R&R") from United States Magistrate Judge Brian A. Tsuchida regarding plaintiff's request for attorney fees under the Equal Access to Justice Act ("EAJA") and defendant's objections to the R&R. In the R&R, Judge Tsuchida recommends that the Court grant the plaintiff's motion for attorney fees because plaintiff is the prevailing party, the Commissioner's position was not substantially justified, and the requested attorney fees are reasonable.

The Commissioner objects to the R&R and contends that the Court should deny plaintiff's request for attorney fees because his position in the litigation was substantially justified. The Commissioner makes two arguments in his objections to the R&R. First, the Commissioner argues that the R&R misrepresents the Commissioner's litigation position by

ORDER GRANTING MOTION
FOR ATTORNEY FEES - 1

stating that "[t]he Commissioner argued under Luna v. Astrue, 623 F.3d 1032, 1034 (9th Cir. 2010), immediate proximity meant one day." Dkt. # 37 at 5 (quoting Dkt. 36 at 2). The Court agrees with the Commissioner that he did not make that argument. However, even considering the Commissioner's actual argument that five months between adjudication periods did not constitute "immediate proximity," id. at 6, the Court finds that the Commissioner's opposition to remand was not substantially justified because it was based solely on the timing of the two different disability determinations, Dkt. # 20 at 5-6. The Commissioner's position failed to account for the content of the new evidence that supported the later favorable decision. The Commissioner did not address the substance of the new evidence or suggest that it was reconcilable with the denial of benefits for the same alleged disability, an argument which may have been proper grounds to deny plaintiff's request to remand. See Luna, 623 F.3d at 1035 (citing Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001)).

      Second, the Commissioner argues that he was substantially justified in arguing that five months did not constitute "immediate proximity" under Luna because the law is uncertain with respect to what constitutes "immediate proximity" in the context of inconsistent disability determinations. Dkt. 37 at 7. While it may be true that there are no clear guidelines regarding how much time between an unfavorable and a favorable decision is considered "immediate proximity," the Commissioner's opposition to remand, as explained above, was based solely on the time between the two decisions. It did not account for the other factors that affect a decision to remand for further proceedings. See Luna, 623 F.3d at 1035. The Commissioner's litigation position was not substantially justified in light of the additional information in the record about plaintiff's later successful application.

      Therefore, the Court ADOPTS the R&R except for its finding that the Commissioner argued that "immediate proximity" under Luna means a single day. The Court GRANTS plaintiff's motion for attorney fees (Dkt. # 33) and hereby ORDERS:

      (1)  Attorney fees in the amount of $5,590.72 are awarded pursuant to 28 U.S.C. §

ORDER GRANTING MOTION
FOR ATTORNEY FEES - 2

2412(d);

(2) Expenses in the amount of $34.80 and costs in the amount of $350.00 are awarded pursuant to 28 U.S.C. § 2412(d), 28 U.S.C. § 1920, and 31 U.S.C. § 1304(a);

(3) Attorney fees and costs shall be delivered via check to plaintiff's counsel, Amy Gilbrough, at 1904 Third Avenue, Suite 1030, Seattle, WA 98101.  If the U.S. Department of the Treasury determines that plaintiff's EAJA fees, expenses, and costs are not subject to any offset allowed under the Department of the Treasury's Offset Program, then the check for EAJA fees, expenses, and costs shall be made payable to plaintiff's attorney, Ms. Gilbrough.

(4) The Clerk is directed to send copies of the Order to the parties and to Judge Tsuchida.

DATED this 19th day of December, 2012.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR ATTORNEY FEES - 3